Daniel Gamez (222578)
Gamez Law Firm, PC
501 W. Broadway, Suite 800
San Diego, CA 92101

*Attorneys for Plaintiffs and the Proposed Classes*

*[additional counsel on signature page]*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### LOS ANGELES DIVISION

| | |
|---|---|
| MATTHEW ALI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN MASON, P.A.; GM LAW FIRM, LLC; KEVIN P. MASON, in his individual capacity; CHANTEL L. GRANT, in her individual capacity; STUART E. GOLDBERG, in his individual capacity; JOHN AND JANE DOE DEFENDANTS 1-5; and XYZ BUSINESS ENTITY DEFENDANTS 1-5.<br><br>Defendants. | **Case No.**<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

1.     Plaintiff, Matthew Ali ("Plaintiff" or "Mr. Ali") brings this action for himself, and on behalf of all persons in the United States who have suffered financial loss at the hands of Defendants, Kevin Mason, P.A., GM Law Firm, LLC, Kevin P. Mason, esq., individually, Chantel L. Grant, esq., individually, Stuart E. Goldberg, esq., individually, John and Jane Doe Defendants 1-5, and XYZ Business Entity Defendants 1-5 (the "Attorney and

Law Firm Defendants"), due to those attorneys', and their law firms': legal malpractice (gross negligence), breach of contract, breach of express and implied warranties, breaches of fiduciary duties, or, in the alternative, fraud, as relates to these Defendants' improperly-solicited legal services of so-called "private student loan debt resolution."

2.     Plaintiff's allegations are based upon personal knowledge as to his own acts and upon information and belief as to all other matters alleged in this Complaint, including the investigation of counsel, publicly available information, news articles, press releases, and additional analysis. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## I.    NATURE OF THE ACTION

3.     Florida attorneys Kevin Mason, Chantel Grant, and Stuart Goldberg, and their law firms, Kevin Mason, P.A., and GM Law Firm, LLC (the "Attorney and Law Firm Defendants"), and John and Jane Doe Defendants 1-5 and XYZ Business Entity Defendants 1-5 (the "presently unknown Defendants"), have committed legal malpractice (and other acts of gross negligence), or in the alternative, breaches of contract, express and implied warranties, fraud in the inducement, fraud-in-the-factum, breaches of fiduciary duties, and other violations of common law and statutory duties owed to Mr. Ali and the Class Members he seeks to represent, comprised of current and former clients of the Defendants referenced in this Paragraph. Plaintiff brings this proposed class action on behalf of himself and all other persons who have suffered financial loss as a result  of the attorney-negligence of the Defendants' so-called "private student loan resolution services" within the applicable statute of limitations (the "Class Period").

4.     As detailed further, *infra*, in this Complaint, Mr. Ali and the Attorney and Class Members have suffered financial damages at the hands of the Attorney and Law Firm Defendants via the so-called "private student loan debt resolution" legal services that these Defendants, and the presently unknown Defendants, have improperly-solicited to Mr. Ali and to the Class Members.

5.     In brief, the grossly-negligent, or fraudulent, so-called "private student loan debt resolution" legal services that the Defendants, and the presently unknown Defendants, have solicited to Mr. Ali, and Class Members, work as follows: these Florida attorneys, through a variety of business entities, some of which, upon information and belief are incorporated in the State of Delaware, solicit (via cold calls or direct solicitations through the mail) consumers struggling with the repayment of their Navient-serviced private student loans to enter into a so-called "private student loan debt resolution program" that the Defendants have negotiated with Sallie Mae/Navient (or other private student loan lenders). This program, upon information and belief does not, in fact exist. However, through fraud, or gross negligence on the part of the Defendants, Mr. Ali, and the Attorney and Class Members that he seeks to represent, have (purportedly and allegedly) agreed to pay, unbeknownst to them, the Defendants 50% of their total private student-loan-balance, in monthly payments, for 60 months. These payments, it is later discovered (but which was not disclosed to Mr. Ali and the Class Members), are not applied, in any way, to their student-loan-balances, and instead are fees that have been kept by the Defendants, especially Florida attorneys, Kevin Mason and his law partner, Chantel Grant. Stuart Goldberg also profited from this (RICO) Enterprise.

6.     Defendants' web of relationships, and the arrangements between them, funneled unjust and unearned profits and/or other illicit benefits to the Defendants through their collusive activities.  Each Defendant participated in the scheme with the knowledge and collusion of the other participants, as described in greater detail in this Complaint.

7.     Throughout the Class Period, Defendants have engaged individually, and in concert with one another, in unlawful, abusive and unfair practices with respect to the attorney-client relationships formed with the Plaintiff and Class Members. Plaintiff asserts the following claims against Defendants: (a) claims for violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c), as further described below; (b) claims for engaging in a conspiracy to defraud Plaintiff and the Class Members in violation of RICO

18 U.S.C. § 1962(d); (c) claims for violation of California Business & Professions Code § 17200, *et seq.*; (d) claims for attorney malpractice (gross negligence) on behalf of Plaintiff and Class Members; and (e) fraud (individual claim of the Plaintiff only).

8.      Accordingly, Plaintiff and Class Members challenge Defendants' tortious, and otherwise unlawful, conduct and they seek statutory and compensatory damages.

## II.   PARTIES

### A.   Plaintiff

9.      Plaintiff, Matthew Ali, is a resident of Los Angeles, California. Matthews Ali seeks certification under Federal Rule of Civil Procedure 23 to be the Class Representative of the proposed class action class, define in this Complaint, below. Matthew Ali suffers from the medical condition of albinism, which has left him legally blind. The Defendants did take advantage of Matthew Ali's blindness for wrongful financial gain, as detailed in this class action lawsuit.

### B.   Defendants

10.     First-named Defendant, Kevin Mason, P.A., is a Florida corporation that offered professional legal services to the public. This business entity has never been registered to conduct business within California with the California Secretary of State's Office. Florida attorney, Kevin Mason, is the registered agent of Kevin Mason, P.A.

11.     Second-named Defendant, GM Law Firm, LLC, is a Florida limited liability company that offers professional legal services to the public. This business entity has never been registered to conduct business within California with the California Secretary of State's Office. This law firm is owned and operated by Florida attorneys, Kevin P. Mason and Chantel L. Grant. Chantel L. Grant, is the registered agent of GM Law Firm, LLC. It principal place of business is: 1515 South Federal Highway, Suite 105, Boca Raton, Florida 33432.

12.     Third-named Defendant, Kevin P. Mason, individually, is a Florida attorney. Kevin Mason is an owner and principal of Kevin Mason, P.A., and GM Law Firm, LLC,

along with his law partner, Chantel L. Grant. Kevin Mason may be served at: 1515 South Federal Highway, Suite 105, Boca Raton, Florida 33432.

13.     Fourth-named Defendant, Chantel L. Grant, individually, is a Florida attorney. Upon information and belief, Chantel Grant is an owner and principal of Kevin Mason, P.A., and GM Law Firm, LLC, along with her law partner, Kevin P. Mason. Chantel Grant may be served at: 1515 South Federal Highway, Suite 105, Boca Raton, Florida 33432.

14.     Fifth-named Defendant, Stuart E. Goldberg, individually, is a Florida attorney. Stuart Goldberg is a member of the RICO Enterprise formed by the Defendants to unlawfully profit from amounts to a factory-farm of legal malpractice related to the RICO Enterprise's mishandling of its clients' private student loan accounts via the so-called "private student loan debt resolution" legal services offered by the Defendants and their RICO Enterprise. Stuart Goldberg, upon information and belief, initiated the RICO Enterprise some time in year 2010. Stuart Goldberg may be served with process at: 2039 Centre Pointe Boulevard, Tallahassee, Florida 32308.

15.     John and Jane Doe Defendants 1-5, and XYZ Business Entity Defendants 1-5, are presently unidentified persons or companies who have committed legal malpractice (and other acts of gross negligence), or in the alternative, breaches of contract, express and implied warranties, fraud in the inducement, fraud-in-the-factum, breaches of fiduciary duties, and other violations of common law and statutory duties owed to Mr. Ali and the Class Members he seeks to represent in this class action lawsuit.

## III.   JURISDICTION AND VENUE

16.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 18 U.S.C. §§ 1961, 1962, and 1964.

17.     This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

18.     Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this district. Further, Defendants

purposefully submitted themselves to specific personal jurisdiction with this Court via their intentional and significant contacts with the forum state of California, including, but not limited to, reaching into California to solicit legal business from Matthew Ali, and presumably hundreds, if not thousands, of California citizens who are covered under the definition of the Class Members in this class action lawsuit.

## IV.   FACTUAL ALLEGATIONS

### A.   The Student Loan Resolution Scam/Legal Malpractice by Kevin Mason, Chantel Grant, Kevin Mason Law, P.A., GM Law Firm, LLC, and Stuart Goldberg, on Behalf of Plaintiff and Class Members.

19.   Plaintiff, Matthew Ali, like all Class Members in this class action lawsuit, has been a victim of (gross) legal malpractice, breaches of contract and implied warranties, or, in the alternative, fraud at the hands of Kevin Mason, Chantel Grant, Kevin Mason, P.A., GM Law Firm, LLC, Stuart Goldberg, and other currently unidentified attorneys and business entities under which these attorneys have operated their so-called "private student loan resolution" legal services (the RICO Enterprise).

20.   The following are some illustrative consumer/client complaints relating to (gross) legal malpractice, or frauds, committed by the Attorney and Law Firm Defendants against Plaintiff and the Attorney and Law Firm Class Members, as relates to the Attorney and Law Firm Defendants' so-called "private student loan resolution" legal services that are at issue in this class action lawsuit (spelling and grammar mistakes remain as found in the original)(CollegeInvestor.com, Forums, (January 22, 2018), http://forums.thecollegeinvestor.com/index.php?topic=367.0)

**Topic: Kevin Mason Law Firm**

a.   June 13, 2016 (KCoop156): Has anyone worked or heard of Kevin Mason PA out of Boca Raton Florida. They told me they could sue my private student loans for consumer compliance issues and get them dismissed or settled for a lot less. I would be responsible for 50% of what I currently owe. He is a member of the florida state bar in good standing. But i havent found much more than that. I am afraid to get into a contract with him but then it be a scam. Would love some feedback.

b.   June 13, 2016 (Response from College Investor Administrator): I've never heard of them, but that doesn't mean anything. There are tons of lawyers (both good and bad), out

there.

Just be very careful in working with any law firm. Make sure that you ask them exactly what steps they are going to take in fighting your debt.

A lot of people get burned dealing with law firms trying to get their student loan debt dismissed.

Make sure they don't ever:
1. Ask you to stop making payments
2. Ask you to make payments to them

Both of these are big red flags that they are NOT trying to help you.
Most people don't ever need a student loan lawyer unless you're struggling to get out of default, or you are being sued by your private lender.

If neither of these apply, all good lawyer will:
1. Validate that the debts are legitimate (which you likely know to be the case)
2. Validate that they haven't violated any debt collection laws (which you could sue them for violating)

If you're making payments and have no issues, then a lawyer isn't a good option. If you did have one of the issues above, a lawyer could help.

When working with a lawyer, I prefer fee based approach for their time, versus settlement based approach. You simply pay for the lawyers time. Most won't do it, but many legitimate ones will.

c.  **July 21, 2016 (Response from College Investor Administrator):** We don't recommend you make payments to a law firm and not your students loans because it will harm your credit score dramatically by not making payments.

While we don't know any plan of action you put together with this firm and what your individual arrangement is, a typical scenario looks like this:
- You stop paying your lender and make the same payment to this law firm
- Your credit score is badly damaged and your lender starts moving your loan to collections
- After a long time (it can vary from months to years), this law firm attempts to settle your debts by telling the lender "see, this guy is broke and hasn't made a payment to you in years... why don't you just settle and get what money you can today".
- The lender can always say nope, we will sue and garnish his wages and collect our debt. There is no way for them to truly guarantee a 50% cut in the loan.

No matter what the end result is, we've typically always seen the person who did them (i.e. you) in worse shape than before you started. There are no guarantees, the process can take years, and meanwhile you've harmed your credit to a point where you're not going to be buying a house, car, or maybe even have trouble renting an apartment for a long time.

Plus, making 5 years of payments to them versus your lender loses a lot of progress you could have actually made on your student loan debt.

Next steps going forward? I would look at your contract with them and see how you can cancel. I would tell them you are canceling. If you do think something is amiss, I would also encourage you to contact your state's attorney general, the Consumer Finance Protection Bureau, and even your State Bar and report the lawyer.

CLASS ACTION COMPLAINT

As for some red flags to look for based on what you wrote:
- You say this money is in an escrow account - what are the terms of the escrow agreement and is this escrow account held by a third party? That is a good indicator of whether the firm is being honest. A true escrow account will not be owned or operated by the law firm, but will be a completely third party and there will be terms about when the money can be withdrawn either to be returned to you or paid to the law firm.

- How can the law firm be late filing paperwork for you and what paperwork are they actually filing? What are you asking be done at Transunion that would require a lawyer? Whether or not its a scam, a firm that does not meet deadlines set forth in the original agreements is never one I want to work with.

d. July 25, 2016 (Final response from College Investor Administrator) If you're paying by credit card I would dispute the charge and cancel the contract with them. You run the risk they would collect, but it's probably less harm to your credit than what they propose.

Second, I would report them to the CFPB and the state attorney general. The whole thing sounds wrong, unprofessional for sure.

e. August 8, 2016 (Response from G434): Complain to Attorney General and FL Bar. I am in same boat and will not slander as I do not want to end up in deformation law suit. I am just encouraging to use proper channels to resolve this. It seems after 1 year, those who have been involved are realizing (unfortunately a bit late) that something is really wrong.

f. October 5, 2016 (Response from bgrasso): Hello everyone,

I just wanted to weigh in on my experience so far with Kevin Mason law handling my private student loans with Navient (Sallie Mae).
Last September I was contacted by Joe DeVito from National Legal Staffing Support on behalf of Kevin Mason PA to sue Navient for unlawful practices. He told me Kevin Mason had been very successful with getting student loans from Navient completely dismissed. At this point I had been paying my private student loans over $700/month for about 5 years and hadn't seen even a dent made in my principal balance (around $100k). I was desperate and Joe told me exactly what I wanted to hear, like "you can finally buy a house and start a life!", and caught me hook line and sinker. He told me to stop making payments to Navient immediately and I would start making the same monthly payments ($718/month) to the law firm but I would only make them for 5 years, versus 10 years with navient, and no interest would accrue. He told me the $ I paid them would go towards legal fees and if Navient settled for a small amount (1-2%) instead of completely dismissing my loans. He also said legal assistants would monitor my credit, as well as my father's (who co-signed my loans), to make sure Navient wasn't reporting anything negative as it is illegal for them to do so once they receive cease & desist letters from the law firm.
I honestly still can't believe I fell for any of this. A few months in I noticed they weren't doing things they said they would (like sending paperwork as another person on the forum stated). I was offered a job in NY at the beginning of this year and needed to get an apartment here. That's when I found out my credit score had gone from a 700 to a 500 and I had to pay double the amount of a deposit on an apartment just to move. I contacted my legal assistant at National Legal Staffing Support and she said there was nothing they could do besides send dispute letters to the credit bureaus which I got no actual proof of them doing and even if they did it didn't help at all. My fathers credit also dropped and he couldn't even rent a car to help me move. No one at the law firm seemed

CLASS ACTION COMPLAINT

to care or even remember I was told my credit would be monitored and this wouldn't happen.

In August I received an email from them saying Navient had sent them a settlement offer (although I never got actual proof of this offer) for $41,500. I thought it was great news since I was told the money I was paying the law firm would go towards a settlement but boy was I wrong. After pretty much having to beat a real answer out of Joe he told me I would have to pay both the settlement from Navient AND the law firm, meaning it would equal around the same amount as my original loan balance and all I did was ruin my credit. They said they would keep trying to go for complete dismissal but it seemed like all they were using for dismissal were the 3 calls Navient made to me since receiving the cease & desist from the law firm. I was given no actual proof of them doing any case work and I really believe they will just use illegal calls made for dismissal.

I started doing research on Kevin Mason and NLSS and a lot of people were saying it's a scam and to contact the Attorney General of Florida so I did. I gave them the whole story and when someone contacted me back last week they asked for more information and said they were sending my complaint to Kevin Mason but all they could really do is mediate the complaint between us. Yesterday I received a VERY angry voicemail from someone named Greg at NLSS who literally screamed at me for filing the complaint, stated they "bent over backwards for me" when I needed a 5 day payment extension ONE time, and they've "worked so hard on my case" and are going to cancel it. I'm actually terrified to call back because this person berated me so much just on a voicemail message. Has anyone else gone this far yet with them and had any sort of help from the attorney general? I have no idea what is going to happen next and I'm scared to find out.

g.  October 10, 2016 (Follow up comment from bgrasso): Hi Swamileoni,

I finally was able to get Joe DeVito (not DeSilva as you stated) to send me an email on how the debt settlement would work after he called me numerous times and I kept emailing him to tell him I wanted the information in an email and not over the phone as I feel they twist their words over the phone. When I first spoke to Joe last year about signing up for the program he told me Kevin Mason would challenge the debt with Navient by using unethical practices and classes I was charged for and didn't need but now they seem to only be concerned with having the Call Log filled out and one of the legal assistants I deal with at NLSS stated the last time I spoke to him "we're going to need these calls if we want full dismissal of the loans" which made me believe they aren't doing any real work and are just going to use the 3 illegal calls Navient has made to me since receiving the cease & desist from the "law firm". I am going to email Joe this week to ask for detailed information on all the work they've done on my case so far and will withhold any future payments to NLSS until I receive the info. And no, they did not send me an actual settlement letter from Navient, just a letter typed up by Kevin Mason stating the law firm received a settlement offer from Navient for the $41,500 so I will be asking for proof of that as well.

Have you tried disputing any payments you made to the law firm? I've paid them almost $10,000 now and I'm just going to assume I probably won't be getting any of that back. And have you already reached out to the Attorney General in Florida? Someone from the Department of Agriculture contacted me back but I don't seem to be getting anywhere with them, they just keep telling me to get a lawyer, a real lawyer.

21.    The following are some additional illustrative consumer/client complaints and questions from Reddit.com relating to (gross) legal malpractice, or frauds, committed by the Defendants against Plaintiff and Class Members, as relates to the Defendants' so-called

"private student loan resolution" legal services that are at issue in this class action lawsuit (spelling and grammar mistakes remain as found in the original) (Reddit.com, Forums, (January 22, 2018), https://www.reddit.com/r/personalfinance/comments/3je2to/kevin_mason_law_office_student_loan/

**"Kevin Mason Law Office student loan consolidation/forgiveness a scam?" Reddit Comment Thread:**

    a.    Submitted '1 Year Ago" by pinion13: I was hoping someone could shed some light on this and I figured this sub might be the place to do it. This law office: www.kevinmasonlaw.com called offering legal assistance with basically taking action against the company servicing my private loans and promising that they could cut the loans in half through a settlement. The part that makes me feel like it is a scam is I would have to then, apparently, pay back the law office because they will "pay off" my loans. This is if I understood correctly. I got all the information from her in an email and told her I couldn't continue talking right now, but would be in touch. This almost sounds like something that could be legit, but who knows. What do you guys think, is this a scam?

    b.    Response from DebtResThowaway: Here's how it works: Kevin Mason handles unsecured debt and private student loans. He does not deal with federal student loans, mortgages, etc.Kevin Mason charges 50% of the unsecured debt that you want dismissed as a retainer fee. This is of the principal amount, not the total payoff if you kept making payments (which is usually 2-3 times more). He allows you to pay this amount in monthly payments that have no financing or interest attached.
There are two outcomes. He is able to completely dismiss the debt or settle for a fraction of the amount. The dismissals occur when the creditors have violated the consumers rights (usually either through the a few different acts, FCBA is one of them). If there is more interest I'll dig up the exact ones.
For a private student loan, lets take an extreme just for the sake of discussion. Let's say you see a commercial for a trade school. It advertises that people graduating are earning 50k a year and they have a 98% placement rate of their students. You are excited and decide to enroll. You are young and don't know much about finance. They loan you 60k.

You graduate and can't get a job for a year or two. You take crap jobs in the meantime because you know now with your new skillset it is a matter of time till you are doing what you love. Except you find that job , and it pays 35k a year. You ask around , maybe contact some old school mates, they are all either not in their field of study or earning 30-40k a year.

How can a financial institution think an 18 year old who is going into a field that pays 35k a year is ever going to be able to pay back 60k?(really far more once you compute the terms)? Did the advertisement claiming 98% placement misrepresent the "product" that was financed?

This is an over simplified slam dunk scenario just to give you an idea of the possibilities when using a lawyer who specializes in consumer protection law.

No lawyer can give a guarantee, it would be like you getting arrested for murder and the lawyer telling you he can guarantee you will get off.

One other thing, Kevin Mason is not a bankruptcy lawyer. This isn't because bankruptcy is inherently bad, it's just not what he specializes in. In some cases bankruptcy may be the better option for you.

c.   Response from CynFul22: Can you speak to what happens to your credit and your co-signers credit while Mr. Mason is fighting to lower your debt? Also, I received their retainer for half my debt, but what concerns me is that no where in writing does it state that the money I pay into the trust account each month for the length of my dispute will be used to settle the original debt. Does that make sense? So let's say I sign this retainer for nearly $42k, and Mr. Mason is able to get my debt lowered from the current $82k down to $50k. Where does it ever specify that I will not be responsible for the $50k AND NOW on top of that this $42k retainer. Hope that makes sense, any feedback would be appreciated.

d.   Response from MyMoronRadarFoundYou: They are only offering settlement services where they offer a settlement, and do not offer any sort of guarantee. In addition they are pushing student loan consolidation and modification as if it is only a service they can do when actually all federally insured student loans offer students an opportunity to apply for these directly with the servicer. In addition he is slyly implying that he can handle the forgiveness of the debt, but that's through bankruptcy, which any BK attorney can do. Federally insured student loans are generally exempt from being discharged in a bankruptcy so that probably won't work

e.      Answer to question ("Did you ever move forward with them? I (G_Blaze) just got a call from them today and I kind of got that "scam" feeling.) from pinion13: No I didnt, felt to much like a scam. It felt like they would take over your debt, then try to battle it out in court to try to reduce them, and if they can't lower the debt they would more than likely charge you for their services and now they have your debt, probably at a higher interest rate. Somewhere in their contract I'm sure there is something that will completely screw you over.

22.     The following is another illustrative comment post from the Web site, Disqus.com, that shows the legal malpractice, or frauds, that Plaintiff and the Attorney and Law Firm Class Members have suffered at the hands of Kevin Mason, Chantel Grant, Kevin Mason Law, P.A., GM Law Firm, LLC, Stuart Goldberg, and currently unidentified attorneys and business entities under which these so-called "private student loan debt resolution" legal services (the RICO Enterprise) have been marketed, and improperly-solicited, causing great financial and other harms to Plaintiff and Class Members:

(Disqus.com, (January 22, 2018),

https://disqus.com/home/discussion/getoutofdebtguysite/this_is_how_you_can_settle_you r_navient_student_loan/, posted by "Brittany Grasso":

Also wondering what happened during/after your settlement with Kevin Mason? Since Navient offered a 55% settlement and you were only paying 50% to Kevin Mason did you have to pay the remaining 5%? Also, was your credit fixed after the lawsuit?
I was also suckered into using Kevin Mason law to lower the remaining $92k+ on my private Navient loans and now owe $46k+ to Kevin Mason and have been paying them over $700 a month for about a year now.
They never warned me that my pretty great credit score would be completely destroyed as well as my dad's, who was my co-signer. It's really stressing me out and I'm losing a lot of sleep lately. I actually missed a wedding yesterday because I tried renting a car and couldn't because of my now 498 credit score.
They keep telling me it will take up to 3 years for a resolution and there isn't a guarantee my credit will be fixed, 2 things they never mentioned in the beginning and I honestly can't imagine suffering through 2 more years of bad credit and stress like this.
I should've just kept paying Navient the $700+ a month for the next 10 years just for peace of mind I guess. I also just received letters from Navient saying my loans are now in default and will be turned over to a collection agency..did this happen to you as well? I emailed the person I'm set up with at national legal staffing about how they can still have a suit against Navient now that my loans are now in the hands of a collection agency and they haven't gotten back to me yet.
Any advice on what I can do or what my rights are? Please help!

23.     Plaintiff was improperly-solicited, like presumably all Class Members, by the Defendants and he has suffered serious financial and personal harm from the legal malpractice, or, in the alternative, frauds, depicted in the above online comments that have been included in this class action lawsuit.

24.     A copy of the Plaintiff's April 29, 2015, engagement letter with Defendant, Stuart Goldberg, and his law firm – the precursor to the other Defendants in this matter – which establishes the attorney-client relationship that existed between Stuart Goldberg and the Plaintiff is attached to, and fully incorporated into, this Complaint as Collective Exhibit "1" (note: this exhibit includes the email message to which the Stuart Goldberg Engagement Letter was attached).

25.     Then, on October 28, 2015, and without explanation, the Defendants (via the so-called "National Legal Staff Support" of Delaware) sent the Plaintiff a "Limited Scope Legal Services Agreement" to be entered between the Plaintiff and Kevin Mason, esq., and Kevin Mason, P.A., of Florida.

26.     A copy of the Plaintiff's October 28, 2015, "Limited Scope Legal Services Agreement" with Defendants, Kevin Mason, and his law firm, Kevin Mason, P.A., is attached to, and fully incorporated into, this Complaint as Exhibit "2".

27.     This "Limited Scope Legal Services Agreement", Ex. 2, is an unlawful, unconscionable, and unethical attorney-client contract. Among many other problems (which are simultaneously violation of the applicable Rules of Professional Conduct and ABA Model Rules of Professional Conduct for attorneys), this POA gives complete, final, and absolute settlement authority to Kevin Mason, P.A., and "any of its attorneys."

28.     As a matter of fact, the CFPB has released at least two separate Consumer Advisory Notices specifically stating that so-called "student loan debt resolution" programs, of the nature perpetuated by the Attorney and Law Firm Defendants in this matter, are, in a nutshell, scams.

29.    The first of these CFPB Consumer Advisory Notices, "Consumer Advisory: You don't have to pay someone to help you with your student loans," July 3, 2013, by Rohit Chopra, is attached, and incorporated into, this Complaint as Exhibit "3".

30.    The second of these CFPB Consumer Advisory Notices, "Consumer Advisory: Student debt relief companies may cost you thousands of dollars and drive you further into debt," December 11, 2014, by Rohit Chopra, is attached, and incorporated into, this Complaint as Exhibit "4".

31.    Making matters worse, at some point, and also without notice or explanation to the Plaintiff and Class Members, Florida attorney Chantel Grant, esq., and an entity named GM Law Firm, PLLC (the "GM" stands for Mason and Grant) become the attorneys for Plaintiff and Class Members. It is not clear why, how, or when this occurred.

32.    A copy of a December 2, 2017, email from Susan Byrne of "National Legal Staff Support" (Plaintiff does not know what, or who, National Legal Staff Support is – this remains an open mystery, along with the connection between National Legal Staff Support and the Defendants) that identifies Chantel Grant as the Plaintiff's attorney under Ex. 2 to this Complaint is attached to, and incorporated as Exhibit "5" into this Complaint. The email reads: **"The attorney is Chantel Grant when you signed the new POA that is why- she is the attorney."**

33.    Further, the Defendants have materially misrepresented (either in a grossly-negligent manner or, in the alternative, through actual knowledge of the material misrepresentations) the attorney fees that their clients are liable to pay. The 50% of the principal balance of all student loan fee that the Defendants is represented as a 60-month, monthly payment under some sort of global-student-loan-debt-settlement-program, and **not** as an attorneys' fee. This is precisely the negligent or intentional misrepresentation that occurred with Plaintiff and Class Members that caused Plaintiff and Class Members to agree to the automatically-drafted monthly payments to be paid to the Defendants/the RICO Enterprise.

34.     This program of so-called "private student loan debt resolution" legal services perpetuated, and improperly-solicited, by the Defendants in this matter constitutes the following causes of action, as relates to the Plaintiff and Class Members in this Complaint: (1) (gross) legal malpractice; (2) breaches of fiduciary duties; (3) negligent misrepresentation of material facts; (4) violations of the Racketeering Influenced and Corrupt Organizations Act (RICO Act), (5) claims for violation of California Business & Professions Code § 17200, *et seq.*; or (6) in the alternative, conversion of the Plaintiff's and Class Members' payments made to these Defendants.

35.     As a sole and proximate result of the six above-referenced class action causes of action pleaded against the Defendants in this Complaint (in addition to the Plaintiff's individual fraud claims), Plaintiff and Class Members have suffered severe financial damages, and other hedonic injuries, to be determined by the jury at trial. The Plaintiff and Class Members further make demand against the Defendants for a refund of all monies paid to any of these Defendants, treble damages, statutory damages, punitive damages, attorneys' fees, pre-and-post judgment interest, statutory damages, and all other relief permitted by law and equity.

**B.     Plaintiff and Members of the Classes Suffered Harm as a Result of Defendants' Grossly-Negligent, Unfair, or Improper Practices.**

36.     Defendants reaped immense profits at the expense of their clients (victims) through its "private student loan resolution" factory-farm legal malpractice scheme.  While Defendants continued to line their pockets, their clients, like Matthew Ali, and Class Members were forced to pay for the  performance of no legitimate  legal services, as promised, and they were further duped into paying these monthly charges, on auto draft, by bi-weekly "follow up" emails  from the National Legal Staff Support (whatever that is) that represented to Plaintiff and Class Members that their private student loan accounts were up-to-date, not delinquent, not reported as negative accounts on their credit reports with the major credit-reporting bureaus (Equifax, TransUnion, Experian), and that everything in the so-called "settlement program" was  going fine.

37.    Plaintiff, Matthew Ali, **who lives on a monthly disability check due to his legal blindness and albinism, paid the Defendants $254.06 a month, for 34 months – for a total of $8,638.04 – or 1/3 of his monthly fixed-income, for what amounted to no meaningful legal representation, at all.**

38.    Class Members suffered injuries typical to those of Matthew Ali, and these injuries are based upon common questions of fact and law in relation to the claims of Plaintiff, Matthew Ali.

39.    Shockingly, and proof that the Defendants have performed no meaningful legal services on behalf of Plaintiff, Matthew Ali, and Class Members, is the following fact: the National Collegiate Student Loan Trust 2007-3, a Delaware statutory trust (presumably, the holder or trustee of Matthew Ali's private student loan accounts), sued Matthew Ali for non-payment of the exact private student loan accounts that the Defendants represented were being handled by them as a part of the so-called "settlement program" (non-existent) that the Defendants have executed with Navient, among other creditors of private student loan debt.

40.    It is inconceivable, and it is shocking to the conscience, that Matthew Ali would be sued, without warning, by the National Collegiate Student Loan Trust 2007-3, a Delaware statutory trust, when the Defendants were representing to Matthew Ali that they were taking care of everything related to this private student loans, and that everything with his private student loan accounts was current, up-date-date, and otherwise, "fine".

41.    A copy of the Summons served upon Matthew Ali in the California state court collection action initiated by the National Collegiate Student Loan Trust 2007-3, a Delaware statutory trust, is attached to, and fully incorporated into this Complaint, as Exhibit "6".

42.    After being sued by the National Collegiate Student Loan Trust, Matthew Ali discovered the injuries caused by the (concerted) negligent, or, in the alternative, fraudulent, conduct of the Defendants.

43.    Promptly after making this discovery, on or about early January 2018, Matthew Ali formally canceled his legal services agreement with the Defendants. A copy of the email, with the attached Cancellation Letter, signed by Chantel Grant, on behalf of the Defendants,

and dated January 5, 2018, is attached to, and fully incorporated into, this Complaint as Collective Exhibit "7".

## V.   TOLLING

44.     Plaintiff and members of the Classes had no way of knowing the true nature and extent of Defendants' legal-malpractice scheme necessary to prosecute their claims.  As demonstrated by the Exhibits to this Complaint, and the pleaded within it, the Defendants were intent on hiding their behavior from their clients and regulators (like the state Bar Associations, the CFPB, and state attorneys generals offices, etc.).

45.     Defendants were under a continuous duty to disclose to Plaintiff and members of the Classes the true character, quality, and nature of the legal representation that they were providing.

46.     Defendants knowingly and actively concealed their legal-malpractice scheme, and Plaintiff and members of the Classes reasonably relied upon Defendants' knowing and active concealment.  Plaintiffs and members of the Classes thus had no way of knowing the true character, quality and nature of the legal representation for which they have been, and continue to be, charged.

47.     Accordingly, the applicable statutes of limitations have been tolled by operation of the discovery rule and Defendants' concealment with respect to all claims pleaded in this Complaint, and Defendants are estopped from relying on any statutes of limitations in defense of this action. Further, Defendants' conduct, as directed by Kevin Mason and Chantel Grant, was part of a continuing, systematic practice, with the last act in the legal-malpractice scheme taking place within the applicable statute of limitations. As such, the Defendants are liable for all acts undertaken as part of the scheme as continuing violations.

## VI.   CLASS ACTION ALLEGATIONS

48.     Plaintiff brings this lawsuit as a class action on behalf of himself, individually, and all others similarly situated as members of the proposed Classes pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3). This action satisfies the numerosity,

commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

49.     The Classes, and sub-classes, that the Plaintiff seeks to certify, with him as the Class Representative, are defined as follows:

**Nationwide Classes (five):**  All individuals in the United States who have suffered financial loss at the hands of Defendants, Kevin Mason, P.A., GM Law Firm, LLC, Kevin P. Mason, esq., individually, Chantel L. Grant, esq., individually, or Stuart E. Goldberg individually (the "Defendants"), due to those attorneys', and their law firms': (1) legal malpractice; (2) breach of contract, breach of express and implied warranties; (3) breaches of fiduciary duties, (4) violations of the Racketeering Influenced and Corrupt Organizations Act; or (5) conversion of the payments taken by the Defendants via auto draft of class members bank accounts, over the Class Period.

**California Sub-Class:**  All residents of California who are members of one, or more, of the five proposed nationwide classes, defined above.

**Second California Sub-Class:**  All residents of California who has suffered financial loss at the hands of the Defendants, or their RICO Enterprise, in violation of California Business & Professions Code § 17200, *et seq.*

50.     Excluded from the proposed Class and Sub-Classes are Defendants, as well as their agents, officers, and directors, and their families, as well as its parent companies, subsidiaries, and affiliates. Any judicial officer assigned to this case is also excluded. Plaintiff reserves the right to revise the definition of the Class and Sub-Classes based upon subsequently discovered information.

51.     This action is brought and may be properly maintained as a class action under Federal Rules of Civil Procedure 23(a) and 23(b)(3).

52.     The Classes are so numerous that joinder of all members is impracticable. Plaintiff believes that there are thousands of proposed members of the Classes throughout the United States.

53.     Common questions of law and fact exist as to all members of the Classes and predominate over any issues solely affecting individual members of the Classes.

54.     Plaintiff's claims are typical of the claims of the Classes. As pleaded in this Complaint, Plaintiff and members of the Classes all sustained damages arising out of the same course of negligent, or unlawful, conduct by Defendants and their RICO Enterprise.

55.     Plaintiff is willing and prepared to serve the Classes in a representative capacity with all of the obligations and duties material to doing so. Plaintiff will fairly and adequately protect the interests of the Classes and have no interests adverse to, or which conflict with, the interests of the other members of the Classes.

56.     Plaintiff's interests are co-extensive with, and not antagonistic to, those of the absent members of the Classes.  Plaintiff will undertake to represent and protect the interests of the absent members of the Classes.

57.     Plaintiff has engaged the services of the undersigned counsel.  Counsel are experienced in complex litigation, will adequately prosecute this action, and will assert and protect the rights of, and otherwise represent, Plaintiff and the absent members of the Classes.

58.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Plaintiff knows of no difficulty to be encountered in the management of this litigation that would preclude its maintenance as a class action.

59.     Class action status is warranted under Rule 23(b)(3) because questions of law or fact common to the members of the Classes predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

60.     The interest of members of the Classes in individually controlling the prosecution of separate actions is theoretical, and not practical.  Prosecution of the action through multiple representatives would be objectionable, and Plaintiff anticipates no difficulty in the management of this matter as a class action.

# VII.  CLAIMS

## FIRST CLAIM

### VIOLATION OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT, 18 U.S.C. § 1962(C) ON BEHALF OF THE NATIONWIDE CLASS AND THE SUB-CLASSES AGAINST ALL DEFENDANTS

61.     Plaintiff hereby incorporate by reference the preceding paragraphs as if they were fully set forth herein.

62.     Plaintiff, each member of the Classes, and Defendants are "persons," as that term is defined in 18 U.S.C. §§ 1961(3) and 1962(c).

**A.     Enterprise**

63.     For purposes of this claim, the RICO "enterprise" is an association-in-fact, as the term is defined in 18 U.S.C. §§ 1961(4) and 1962(c), consisting of Kevin Mason, Chantel Grant, Kevin Mason, P.A., GM Law Firm, PLLC, Stuart Goldberg, and Non-Parties Affiliated with the RICO Enterprise identified above, including their respective officers, directors, employees, agents and direct and indirect subsidiaries (the "Enterprise").  The Enterprise is separate and distinct from the persons that constitute the Enterprise.

64.     The Enterprise was primarily managed by Kevin Mason and Chantel Grant, and other members.

65.     The companies and individuals that constitute the Enterprise were associated for the common purpose of defrauding their clients by charging them for legal services that were not performed as a part of a "settlement agreement" with the private student loan companies that, upon information and belief, does not exist.

66.     At all relevant times, the Enterprise was engaged in and its activities affected interstate commerce. The proceeds of the Enterprise were distributed to its participants.

67.     The Enterprise has operated from at least January 2010 and its operation is ongoing. The Enterprise has an ascertainable structure separate and apart from the pattern of racketeering activity in which the participants engage.

**B.     The Pattern of Racketeering Activity**

68.     At all relevant times, in violation of 18 U.S.C. § 1962(c), Kevin Mason and Chantel Grant, conducted the affairs of the Enterprise through a pattern of racketeering activity as defined in RICO, 18 U.S.C. § 1961(5) by virtue of the conduct described in this complaint. Kevin Mason and Chantel Grant have conducted the affairs of the Enterprise and participated in the operation and management of the Enterprise, as described through this Complaint.

**C.     The Predicate Acts of Mail and Wire Fraud**

69.     The pattern of racketeering activity consisted of mail and/or wire fraud in violation of 18 U.S.C. §§ 1341 and 1343. Specifically, Kevin Mason, Chantel Grant, and Stuart Goldberg engaged in an intentional scheme or artifice to defraud their clients into setting up monthly auto draft payments under the false, or negligent, premise that the Defendants would forward these monthly payments received from their clients, in trust, to their clients' private student loan creditors. This never happened. Upon information and belief, the Defendants simply pocketed these payments and otherwise converted them for their own, personal gain.

70.     The false statement and omissions, and mail and/or wire communications were made by the Defendants in furtherance of the scheme constituted predicate acts of mail and/or wire fraud.

71.     It was reasonably foreseeable to the Defendants that the mails and/or wires would be used in furtherance of the scheme, and the mails and/or wires were in fact used to further and execute the scheme.

72.     The nature and pervasiveness of the Enterprise necessarily entailed frequent wire and/or mail transmissions.  The precise dates of such transmissions cannot be alleged without access to the books and records of the Defendants. Nevertheless, Plaintiff can allege such transmissions generally.

73.     For the purpose of furthering and executing the scheme, the Defendants regularly transmitted and caused to be transmitted by means of wire communication in interstate commerce writings, electronic data and funds, and also regularly caused matters and

things to be placed in post offices or authorized depositories, or deposited or caused to be deposited matters or things to be sent or delivered by private or commercial interstate carrier.

74.     These communications contained both affirmative misrepresentations about the nature of the charges, and were also intended to deceive Plaintiff and class members into believing that the monthly charges assessed to their bank accounts were legitimate.

75.     These are only examples of certain instances of the pattern of racketeering activity consisting of mail and/or wire fraud violations engaged in by the Defendants. Each electronic and/or postal transmission was incident to an essential part of the scheme. As detailed above, the Defendants engaged in similar activities with respect to each member of the Classes.

76.     Each such electronic and/or postal transmission was incident to an essential part of the scheme.

77.     Additionally, each such electronic and/or postal transmission constituted a predicate act of wire and/or mail fraud in that each transmission furthered and executed the scheme to defraud the Defendant's clients.

78.     The predicate acts of mail and wire fraud constitute a pattern of racketeering activity as defined in 18 U.S.C. § 1961(5). The predicate acts were not isolated events, but related acts aimed at the common purpose and goal of defrauding the Defendants' clients to pay, monthly, for legal services that did not exist (as a part of a "settlement program" that also does not exist) solely in order for the Defendants to reap illicit profits.

79.     All Defendants participated in the predicate acts. These activities amounted to a common course of conduct, with similar pattern and purpose, intended to deceive borrowers.

**D.     Injury to Plaintiffs and the Classes**

80.     As a direct and proximate result of violations of 18 U.S.C. § 1962(c) by Defendants, Plaintiffs and the Classes have been injured in their business or property within the meaning of 18 U.S.C. § 1964(c). Plaintiff and the Classes paid and/or were charged for unlawful, monthly auto draft charges to their bank accounts by reason, and as a direct, proximate and foreseeable result, of the scheme alleged.

81.     Plaintiffs and the Classes were also charged overdraft fees, and other amounts, after the Defendants deducted the unlawful amounts from Plaintiffs' accounts, and/or otherwise assessed charges that they were not entitled to collect.

82.     Under the provisions of 18 U.S.C. § 1964(c), all Defendants are jointly and severally liable to Plaintiff and the Classes for three times the damages sustained, plus the costs of bringing this suit, including reasonable attorneys' fees.

## SECOND CLAIM

### VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW
### CAL. BUS. & PROF. CODE § 17200, ET SEQ.

83.     Plaintiff incorporates by reference the preceding paragraphs as if they were fully set forth herein.

84.     Plaintiff brings his § 17200 claim on behalf of himself and the Second California Sub-Class, as defined in this Complaint, above.

85.     Defendants were required to adhere to the requirements of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq. ("the UCL"), when conducting business with Plaintiff and members of the Second California Sub-Class.

86.     Further, and if relevant, the UCL also reaches claims made by out-of-state residents harmed by unlawful conduct occurring inside California.

87.     The UCL prohibits any "unlawful" business act or practice.  Defendants have violated the UCL's prohibition against engaging in unlawful acts or practices by violating the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962, and the common law torts of conversion and fraud.

88.     Plaintiff reserves the right to allege other violations of law that constitute other unlawful business acts or practices.

89.     The UCL also prohibits any "unfair" business act or practice.  As detailed in the preceding paragraphs, Defendants engaged in unfair business acts or practices as a central element to their "private student loan resolution" scheme.

90.     Defendants systematically engaged in these unfair and unlawful business practices to the detriment of Plaintiff and other members of the Classes.

91.     The harm caused by these business practices vastly outweighs any legitimate business utility they could possibly have.

92.     There were reasonably available alternatives to further Defendants' legitimate business interests other than engaging in the above-described wrongful conduct.

93.     Plaintiff and other members of the Classes have been injured and have suffered a monetary loss as a result of Defendants' violations of the UCL. Plaintiff is entitled to restitution in an amount to be determined at trial.

94.     As a result of Defendants' violations of the UCL, Plaintiff is also entitled to recover attorneys' fees and costs to be paid by Defendants, as provided by Cal. Code of Civil Procedure § 1021.5 and other applicable law.

### THIRD CLAIM

### FRAUD (CLAIM IN THE ALTERNATIVE)

95.     Plaintiff incorporates by reference the preceding paragraphs as if they were fully set forth in this Complaint.

96.     In the alternative to the Plaintiff's negligence claims, the intentional misrepresentation of material facts related to the so-called "private student loan resolution" legal services allegedly to be provided by attorneys, Kevin Mason and Chantel Grant, and their law firms, Kevin Mason, P.A., and GM Law Firm, LLC, as well as Stuart Goldberg, and currently unidentified attorneys and business entities working with these attorney and law firms (John and Jane Doe Defendants 1-5 and XYZ Business Entity Defendants 1-5), constitute separate frauds that have been committed against Plaintiff, as detailed in this Complaint.

97.     The Defendants have committed knowing and intentional breaches of the professional and fiduciary duties that they owed to Plaintiff, as described in this Complaint.

98.    As a result of his reasonable reliance on the Defendants' fraudulent misrepresentations, detailed in this Complaint, Plaintiff has suffered an ascertainable loss of money, property, and other damages.

99.    As a result of Defendants' fraudulent actions, Plaintiff is entitled to recover compensatory damages along with punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined according to proof, along with all attorneys' fees.

## FOURTH CLAIM
## GROSS NEGLIGENCE – LEGAL MALPRACTICE

100.    Plaintiff and Class Members incorporate, by reference, the facts pleaded in the preceding paragraphs of this Complaint.

101.    Attorneys, Kevin Mason, Chantel Grant, and Stuart Goldberg, and their law firms, Kevin Mason, P.A., and GM Law Firm, LLC, and currently unidentified attorneys and business entities working with these attorney and law firms (John and Jane Does 1-5 and XYZ Business Entities 1-5) have committed breaches of the professional and fiduciary duties that they owed to Plaintiff and Class Members, as described in this Complaint.

102.    As a result of their reasonable reliance on the Defendants' grossly-negligent omissions/grossly-negligent legal services, Plaintiff and Class Members have suffered an ascertainable loss of money, property, and other damages (including damage to their credit reports, and, in the case of Plaintiff, being a Defendant in an active California state court collection lawsuit brought by his private student loan creditors).

103.    Plaintiff and Class Members demand: all actual damages suffered as a result of the (gross) negligence of these Defendants, a refund of all monies paid to these Defendants, with pre- and-post judgment interest, all attorney's fees, costs of litigation, and punitive damages. These Attorney and Law Firm Defendants are joint-and severally liable – based upon their concerted action and scheme – for all actions of the fellow members of this class of Defendants, as pleaded in this Complaint. Plaintiff further makes demand for indemnification of all judgments, and legal fees,

incurred as a result of the California state court collection lawsuit brought against Plaintiff by the National Collegiate Student Loan Trust 2007-3, a Delaware statutory trust.

## FIFTH CLAIM
## CONVERSION

104.    Plaintiff and Class Members incorporate, by reference, the facts pleaded in the preceding paragraphs of this Complaint.

105.    Attorneys, Kevin Mason, Chantel Grant, and Stuart Goldberg, and their law firms, Kevin Mason, P.A., and GM Law Firm, LLC, and currently unidentified attorneys and business entities working with these attorney and law firms (John and Jane Does 1-5 and XYZ Business Entities 1-5) have committed the tort of conversion as to all payments made to them by the Plaintiff and Class Members, as described in this Complaint.

106.    The Defendants have mishandled the payments they have received from their clients, like Plaintiff and Class Members, by treating these payments as their own property, when, in fact, these payments were paid, in trust, to the attorney-Defendants, and their law firms, for the sole purpose of using these funds to pay these clients' private student loan accounts.

107.    As a sole and proximate result of these wrongful acts of conversion of client-money on the part of the Defendants, Plaintiff and Class Members have suffered an ascertainable loss of money, property, and other damages (including damage to their credit reports and being named as Defendants in state court collection lawsuits).

108.    Plaintiff and Class Members, as a result of these wrongful acts of conversion on the part of the Defendants demand: all actual damages suffered as a result of the acts of conversion; a refund of all client-monies converted by the Defendants, with pre-and-post judgment interest; all attorney's fees; costs of litigation; and punitive damages.

///
///
///
///
///

CLASS ACTION COMPLAINT

## VIII. PRAYER FOR RELIEF

Plaintiff requests that this Court enter a judgment against Defendants and in favor of Plaintiff and the Classes, and award the following relief:

a.      that this action be certified as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, declaring Plaintiff as representative of the Classes, and Plaintiff's counsel as counsel for the Classes;

b.      that the conduct herein be declared, adjudged and decreed to be unlawful;

c.      award Plaintiff and members of the Classes appropriate relief, including actual damages, statutory damages, treble damages, punitive damages, and restitutionary disgorgement;

d.      award all costs of prosecuting the litigation, including expert fees;

e.      award pre- and post-judgment interest;

f.      award attorneys' fees; and

g.      grant such additional relief as this Court may deem just and proper.

## IX.   DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury as to all claims in this action.


Dated: January 24, 2018                    Respectfully submitted,

                                           **GAMEZ LAW FIRM, PC**

                                           **Daniel R. Gamez Law**
                                           **California Bar No.: 222578**
                                           **501 W. Broadway, Suite 800**
                                           **San Diego, CA 92101**
                                           **Telephone: (858) 217-5051**

                                           -and-

**THE LAW OFFICE OF MACY D.
HANSON, PLLC**
Macy D. Hanson
Mississippi Bar No.: 104197
(*pro hac vice* application forthcoming)
The Echelon Center
102 First Choice Drive
Madison, Mississippi 39110
Telephone: (601) 853-9521

CLASS ACTION COMPLAINT